UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI MUHAMMAD,<br><br>  Plaintiff,<br><br>  v.<br><br>KATHERYN KESTERSON, et al.,<br><br>  Defendants. | No. 2:18-cv-2775 AC P<br><br><br><br>ORDER |

| | |
|---|---|
| KWESI MUHAMMAD,<br><br>  Plaintiff,<br><br>  v.<br><br>KIMBERLY SEIBEL, et al.,<br><br>  Defendants. | No. 2:18-cv-2831 AC P<br><br><br><br>ORDER |

**I.     Introduction**

Plaintiff is a state prisoner currently incarcerated at the California Training Facility in Soledad. Plaintiff challenges conditions of his prior confinement at Deuel Vocational Institution (DVI). Plaintiff commenced these actions in the San Joaquin County Superior Court. Defendants removed both actions from the Superior Court to this federal district court pursuant to 28 U.S.C. §

1441(a), paid the filing fees, and filed a related-case notice in each case.  The nearly identical First Amended Complaints (FACs) in both cases are before the court for screening under 28 U.S.C. § 1915A.  For the reasons set forth below, the undersigned declines to direct service of either complaint but provides plaintiff the opportunity to file a Second Amended Complaint in Muhammad v. Seibel et al., Case No. 2:18-cv-2831 AC P.

## II.     Cases Properly Related

Defendants filed a Notice of Related Case in each of the instant cases.  See Muhammad v. Kesterson et al., Case No. 2:18-cv-2775 AC P, at ECF No. 3; Muhammad v. Seibel et al., Case No. 2:18-cv-2831 AC P, at ECF No. 3.  The undersigned finds these cases properly related under the standards set forth in Local Rule 123.  These actions involve the same plaintiff and the allegations and claims against the defendants "involve similar questions of fact and the same question of law."  Local Rule 123(a)(3).  All defendants are represented by the same California Deputy Attorney General.  Therefore, the assignment of these cases to the same Magistrate Judge and District Judge will "effect a substantial savings of judicial effort."  Id.

## III.    Screening of Plaintiff's Complaints

### A.     Legal Standards for Screening Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B.     The Complaints

These cases challenge the conduct of four defendants (two defendants are named in each case), each of whom participated in the denial of plaintiff's requests for accommodations in the shower facility in plaintiff's DVI housing unit. The FACs present federal claims under Title II of the ADA, 42 U.S.C. § 12131 et seq.; Section 504 of the Rehabilitation Act (RA), 29 U.S.C.A. § 794; and the Eighth Amendment pursuant to 42 U.S.C. § 1983. Plaintiff seeks declaratory relief and compensatory damages. Plaintiff's original complaints alleged claims under California's Government Claims Act, but his FACs do not,[1] and are therefore not addressed herein.

The FACs allege as follows. Plaintiff had foot surgery on January 16, 2018, which precluded weightbearing on his left foot and required him "to either use crutches or a wheelchair full time for mobility for 38 days." FACs ¶ 4, Ex. A.[2] On January 21, 2018, plaintiff submitted

---

[1] Nevertheless, both FACs note that plaintiff timely filed a government claim, which was expressly rejected. FACs ¶ 10, Exs. F, G.

[2] Plaintiff's allegations in both FACs are nearly identical and reflect the same paragraph numbers; his exhibits to both complaints are also identically designated. Cf. Muhammad v.

3

an ADA[3] accommodation request for grab bars to be installed in the subject shower. On January 23, 2018, the request was denied by defendant M. Starr, DVI Associate Warden and ADA Coordinator. Plaintiff's request was denied on the ground that he was already "being accommodated with 2 different types of shower chairs, hand held shower wand and fixed shower bench." FACs ¶ 6, Ex. B.

On January 29, 2018, plaintiff requested supervisorial review of his accommodation request. On February 12, 2018, the request was denied by defendant K. Kesterson, DVI Chief Deputy Warden. Plaintiff's request was denied on the ground that "[t]he accommodation provided to you meet the requirements. You are accommodated w/2 different types of shower chairs, hand held shower wand and a fixed shower bench." FACs ¶ 7, Ex. B.

On February 22, 2018, plaintiff submitted an administrative grievance (inmate appeal) again requesting the installation of grab bars in the shower. FACs ¶ 8, Ex. C. First Level Review was bypassed. Following an interview with plaintiff by a correctional counselor who also inspected the subject shower, the appeal was partially granted on April 16, 2018, on Second Level Review, by defendant R. Burton, DVI Warden. Id., Ex. D. The partial grant was based on the inspection of the shower and the finding that it was ADA compliant. The Second Level Review decision by defendant Burton provided in pertinent part, id.:

> DESCRIPTION OF PROBLEM: You stated in your appeal you had a foot surgery that left you confined to a wheelchair and crutches. You stated you submitted a request for the installation of grab bars in the shower and your request was denied. You stated there is only one (1) shower chair in C-Wing and the chair has plastic wheels. You stated the shower chair is required to have grab bars and the chair should be mounted to the floor with non-skid flooring. You stated you were forced to shower inside your cell to avoid possibly injuring yourself. You stated your ability to perform major life activities such as showering was impeded. . . .
>
> APPEAL RESPONSE: . . . . [Y]ou are requesting: To have the C-Wing showers modified in compliance with the ADA laws. . . . In regards to your request on April 10, 2018, the C-Wing shower area was inspected. . . . It was confirmed that the shower chair does

---

Kesterson et al., Case No. 2:18-cv-2775 AC P, at ECF No. 9; Muhammad v. Seibel et al., Case No. 2:18-cv-2831 AC P, at ECF No. 10. References herein to paragraphs within, and exhibits to, the complaints apply to both FACs unless otherwise noted.

[3] Americans With Disabilities Act, 42 U.S.C. § 12101 et seq.

> have wheels; however, the wheels lock securing the chair. The chair is equipped with an arm rest or grab bars. Additionally, there is a fixed shower bench and a shower wand.
>
> Your request to have the C-Wing showers modified in compliance with the ADA laws is granted in part. Your request is Granted in part as DVI is in compliance with the current ADA laws; therefore, the C-Wing Showers will not be modified as a result of this appeal.

Plaintiff's inmate appeal was denied and exhausted on Third Level Review, for the reasons previously determined by the "Reasonable Accommodation Panel (RAP)" (i.e. by defendants Starr and Kesterson), as found on Second Level Review (by defendant Burton). FACs, ¶ 8, Ex. D. A fourth defendant, K. Seibel, is named in her capacity as DVI Warden "at the time plaintiff [informally] requested shower accommodations," while defendant Burton is identified in his capacity as DVI Warden "at the time plaintiff filed his grievance." See Muhammad v. Seibel et al., Case No. 2:18-cv-2831 AC P, at ECF No. 10 at 2.

Starr and Kesterson are the named defendants in Muhammad v. Kesterson et al., Case No. 2:18-cv-2775 AC P, while Seibel and Burton are the named defendants in Muhammad v. Seibel et al., Case No. 2:18-cv-2831 AC P. All defendants are sued in their official capacities only.

### C. Analysis

#### 1. ADA and Rehabilitation Act Claims

##### a. Governing Legal Standards

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability, 42 U.S.C. § 42 U.S.C. § 12131 et seq.. "The ADA broadly 'defines "public entity" as "any State or local government [and] any department, agency, special purpose district, or other instrumentality of a State or States or local government."' Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997) (quoting 42 U.S.C. § 12131(1))." Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001). "Hence, the ADA applies to state prisons." Id. (citing, inter alia, Pennsylvania Department of Corrections v. Yeskey, 524 U.S. 206, 209 (1998)).

To state a claim of disability discrimination under Title II of the ADA, a plaintiff must plausibly allege four elements: "1) he is an individual with a disability; (2) he is otherwise

qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (citations and internal quotation marks omitted); accord, Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010).

Similarly, to state a cognizable claim under the Rehabilitation Act (RA), a plaintiff must show that: "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001).

"[T]he Rehabilitation Act is materially identical to and the model for the ADA, except that it is limited to programs that receive federal financial assistance – which the [California] prison system admittedly does. . . ." Armstrong v. Davis, 275 F.3d 849, 862 n.17 (9th Cir. 2001) (citations and internal quotation marks omitted), abrogated on other grounds by Johnson v. California, 543 U.S. 499 (2005). "The ADA applies only to public entities, whereas the RA proscribes discrimination in all federally-funded programs." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Otherwise, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act," permitting the "same analysis" under both Acts. Zukle v. Regents of the University of California, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999); accord, Duvall, 260 F.3d at 1135-36.

"To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001) (citing Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998)). Intentional discrimination can be shown by deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a

////

failure to act upon that likelihood." Duvall at 1139 (citing City of Canton v. Harris, 489 U.S. 378, 389 (1988)).

### b.       Failure to State a Claim

#### i.       Qualifying Disability

Both actions are premised on plaintiff's threshold contention that the limited use of his left foot for 38-days following his surgery constitutes an "actual disability" under the Acts. FACs ¶ 5. Plaintiff does not contend that he was or is otherwise disabled.

As generally defined under the ADA, a qualifying "disability" is "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1). Paragraph 3 provides in pertinent part that "Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3)(B).

Under a literal application of these standards, plaintiff's 38-day period of recovery following foot surgery was both "transitory" and "minor" and therefore did not qualify as a disability under the Acts. Although the ADA is to be "construed in favor of broad coverage," particularly since implementation of the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553 (2008), such construction remains limited to "the maximum extent permitted by the terms" of the statute. 42 U.S.C. § 12102(4)(A).

Plaintiff relies on two citations in support of his contention that his temporary inability to put full weight on his left foot was a qualifying disability under the ADA: (1) 29 C.F.R. §1630.2(j)(1)(ix) (providing in pertinent part that "[t]he effects of an impairment lasting or expected to last fewer than six months can be substantially limiting within the meaning of this section."); and (2) Bob-Maunuel v. Chipotle Mexican Grill, Inc., 10 F. Supp. 3d 854, 881 (N.D. Ill. 2014) (post-ADAAA decision applying §1630.2(j)(1)(ix) to find that an employee's hernia, although temporary because remediable by surgery, constituted a disability under the ADA because it substantially limited his major life activity of lifting). See FACs ¶ 5.

////

These citations do not support plaintiff's threshold contention that he had a qualifying disability under the Acts. The cited regulation is specific to EEOC matters; application of that regulation by the court in Bob-Maunuel (a Title VII action premised, inter alia, on alleged violations of the ADA) focused on the lower threshold for assessing "substantial limitations" to lifting after enactment of the ADAAA. Accord, 29 C.F.R. § 1630.2(j)(1)(iv).[4]

Under these authorities, the FACs do not plausibly allege that plaintiff's 38-day recovery from foot surgery was a "qualifying disability" under the Acts.

### ii. **Denial of Services**

Even if plaintiff could show that he had a qualifying disability, his allegations do not demonstrate that he was denied participation in prison programs or services due to his disability. Plaintiff was not denied access to shower facilities; nor was he denied access to soap and water in his cell which he chose to use instead. ("Personal care" is a "major life activity" under the ADA. 42 U.S.C.A. § 12102(2)(A).). Moreover, plaintiff has not demonstrated that the subject shower facility was ADA-noncompliant nor inadequate to meet his temporary individualized needs. Plaintiff's reliance on his April-May 2018 correspondence with legal counsel representing prisoners in the Armstrong class action is unhelpful. That counsel informed plaintiff they were "aware the shower in C-wing is not wheelchair compliant . . . [a]lthough wheelchair users are usually housed elsewhere." FACs, Ex. E. However, as plaintiff's own exhibits demonstrate, he was not required to use a wheelchair; plaintiff rejected the crutches recommended and provided to him after surgery. Id., Ex. A. Thus, the factual allegations of the FACs do not make a plausible showing that plaintiff was "denied" his right to shower "due to his disability."

### iii. **Appropriate Defendant**

The FACs also fail to identify appropriate defendants. As earlier noted, the proper defendant in an ADA action is the public entity responsible for the alleged discrimination. United

---

[4] 29 C.F.R. § 1630.2(j)(1)(iv) provides: "The determination of whether an impairment substantially limits a major life activity requires an individualized assessment. However, in making this assessment, the term "substantially limits" shall be interpreted and applied to require a degree of functional limitation that is lower than the standard for "substantially limits" applied prior to the ADAAA."

States v. Georgia, 546 U.S. 151, 153 (2010). Defendants may not be sued in their personal capacities under the Acts. Valenzuela v. Masoon, 730 Fed. Appx. 524, 524 (9th Cir. 2018) (citing Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002) ("The ADA applies only to public entities[.]")). Accord, Garcia v. S.U.N.Y. Health Sciences Center, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." (citations omitted)).

Here plaintiff named all four defendants in their official capacities. This is appropriate insofar as defendants "may be sued in their official capacities because suing an individual in his official capacity is treated the same as suing the entity itself." Becker v. Oregon, 170 F. Supp. 2d 1061, 1066 (D. Or. 2001) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)). However, under this standard, the only appropriate individual defendant would be Burton, in his official capacity as DVI Warden when plaintiff's relevant inmate appeal was exhausted. Burton's participation in the appeal process is not itself actionable.[5] Similarly, the preliminary decisions made by Starr and Kesterson are subsumed by the subsequent formal exhaustion of plaintiff's inmate appeal. Seibel's status as a former DVI Warden "at the time plaintiff requested shower accommodations" is irrelevant.

Moreover, because the current DVI Warden is now Landon Bird, plaintiff may pursue ADA and RA claims against DVI, the public entity, only by naming DVI Warden Bird in his official capacity as the principal defendant in this action. See Fed. R. Civ. P. 25(d) (automatic substitution of successor public officer).

### iv. Relief

Plaintiff does not seek injunctive relief; nor is he entitled to pursue injunctive relief due both to his full recovery and his transfer from DVI. "When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has

---

[5] Plaintiff cannot pursue a claim against any defendant for failing to resolve a particular grievance in a favorable manner. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (failure to process prisoner's grievances not actionable under Section 1983); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (prisoners have no stand-alone due process rights related to the administrative grievance process); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (there is no liberty interest entitling prisoners to a specific grievance process).

no reasonable expectation of returning, his claim is moot." Pride v. Correa, 719 F.3d 1130, 1138 (9th Cir. 2013) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (an inmate's claims for prospective injunctive relief are moot when he "no longer is subjected to [the allegedly unconstitutional] policies").

To continue to pursue damages relief, plaintiff must allege a cognizable intentional discrimination claim, that is, plausible factual allegations that DVI officials failed to install grab bars in the subject shower facility *despite knowing* that such failure denied plaintiff a federally protected right. Duvall, 260 F.3d at 1139. Here, the fact that defendants conducted an investigation, and found the subject shower ADA compliant, appears to demonstrate that no defendant knowingly acted with deliberate indifference to plaintiff's federal rights.

### c.     **Leave to Amend ADA and RA Claims**

Due to these numerous deficiencies, the court will not direct service of either complaint. **Plaintiff will be provided the opportunity to file a Second Amended Complaint in Muhammad v. Seibel et al., Case No. 2:18-cv-2831 AC P only,** in an effort to state claims under the ADA and RA subject to the standards set forth above.

Insofar as plaintiff seeks relief under the ADA and RA, the only appropriate defendant is current DVI Warden Landon Bird in his official capacity (aka, DVI, a public entity). A Second Amended Complaint naming him should include a notation that Bird is substituted for former DVI Warden Burton pursuant to Fed. R. Civ. P. Rule 25(d). If the amended complaint is found to state a cognizable claim for relief, the court will recommend that Muhammad v. Seibel et al. proceed, and that Muhammad v. Kesterson et al., Case No. 2:18-cv-2775 AC P be dismissed without prejudice.

### 2.     **Failure to State Eighth Amendment Claim**

Section 1983 authorizes a federal civil rights action against any "person" who acts under color of state law. 42 U.S.C. § 1983. States, state entities, and state employees acting in their official capacities are not "persons" who can be sued for damages under section 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); see also Kentucky. Graham, 473 U.S. 159 (1985) (the Eleventh Amendment bars damages action against a state and its entities in federal

court).  Because plaintiff sues defendants only in official capacities, section 1983 claims necessarily fail.

The facts alleged in the FACs do not support section 1983 liability for any of the named defendants even if sued in their personal capacity.  Plaintiff alleges violation of the ADA and RA but "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA."  Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).  The Ninth Circuit has "join[ed] the Fifth, Eighth, and Eleventh Circuits [in] hold[ing] that a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."  Id.

Moreover, the facts alleged in the FACs are not consistent with an Eighth Amendment claim on a deliberate indifference theory.[6]  Plaintiff's own allegations that defendants investigated his alleged needs for accommodation and found them adequately met do not support a reasonable inference that any defendant knew of and disregarded an excessive risk to plaintiff's health or safety.

Plaintiff is informed that if a Second Amended Complaint includes an Eighth Amendment claim, the undersigned will likely recommend its dismissal for failure to state a claim.

**IV.** **Leave to File a Second Amended Complaint**

For the reasons set forth above, the court will not direct service of either FAC.  Plaintiff will be provided the opportunity to file a Second Amended Complaint (SAC) in Muhammad v. Seibel et al., Case No. 2:18-cv-2831 AC P, that addresses the defects identified above.

---

[6] "[A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted).  Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety."  Id. (internal quotation marks and citations omitted).  The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.

1   The SAC must be on the form provided herewith, labeled "Second Amended Complaint," and
2   provide the appropriate case number. The SAC must be complete in itself without reference to
3   the original complaint. See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).
4        The SAC will be screened by the court pursuant to 28 U.S.C. § 1915A. Failure to file a
5   SAC within thirty days will result in a recommendation that both actions be dismissed without
6   prejudice.
7        **V.    Plain Language Summary for Pro Se Litigant**
8        The defendants removed both of these cases from the San Joaquin County Superior Court
9   to this U.S. District Court, and notified the court that the cases are related to each other. Because
10  the cases are related, they will be assigned to the same judges.
11       The magistrate judge has reviewed the First Amended Complaint (FAC) in each case. On
12  screening under 28 U.S.C. § 1915A, the court finds that neither FAC states a claim for relief.
13  Because of the problems with your claims, the FACs will not be served on the defendants.
14  Instead, you are being given the chance to file a single Second Amended Complaint that
15  addresses the problems. The problems are:
16       - Your claims under the ADA and RA don't include facts showing that you had a
17         "qualifying disability." A short-term or minor impairment does not count.
18       - The facts you present do not show that you were denied services.
19       - The facts you present do not show intentional discrimination.
20       - Claims under the ADA and RA can be brought against the DVI warden, in his
21         official capacity, only.
22       - Violations of the ADA and RA don't support a claim under Section 1983. Claims
23         for damages based on violation of your Eighth Amendment rights have to be
24         brought against individual defendants in their personal capacities. It looks like you
25         can't bring such a claim, because it would require facts showing that each
26         individual defendant (1) knew you had a serious medical need *and* (2) deliberately
27         did something that they knew would seriously risk your health or safety. Since
28         you've already explained that the defendants looked into your problem with the

shower and concluded the situation was okay, it seems that you can't make the necessary allegations. Even if the defendants were wrong about the shower being okay, that would not count as "deliberate indifference."

You are being given the chance to file a Second Amended Complaint (SAC) that fixes these problems. If you choose to amend, you must file a SAC within thirty days, in <u>Muhammad v. Seibel et al.</u>, Case No. 2:18-cv-2831, only. It will be screened, and if it includes enough facts to state ADA and RA claims against the DVI warden,[7] it will be served on him and the other case will be dismissed.

You do not have to file a SAC. If you do not do so, the magistrate judge will recommend that both of your related cases be dismissed without prejudice.

**VI.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. The above-identified cases are properly related under Local Rule 123; and therefore

2. The Clerk of Court is directed to randomly assign the same district judge to both cases.

3. The complaints in both of the above-identified cases are found not to state a claim upon which relief may be granted.

4. Plaintiff is granted leave to file a Second Amended Complaint (SAC) within thirty (30) days after service of this order, subject to the legal standards set forth herein. Should plaintiff file a SAC, it must be designated as, and filed in, <u>Muhammad v. Seibel et al.</u>, Case No. 2:18-cv-2831 AC P. Failure to timely file a SAC will result in a recommendation that both actions be dismissed without prejudice.

5. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

DATED: July 10, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[7] You should substitute the current DVI Warden, Landon Bird, in his official capacity, as the defendant in order to proceed under the ADA and RA.

13