UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI MUHAMMAD,<br><br>   Plaintiff,<br><br>   v.<br><br>KIMBERLY SEIBEL, et al.,<br><br>   Defendants. | No.  2:18-cv-2831 WBS AC P<br><br>ORDER |

**I.    Introduction**

Plaintiff is a state prisoner incarcerated at the California Training Facility under the authority of the California Department of Corrections and Rehabilitation.  Plaintiff challenges conditions of his prior confinement at Deuel Vocational Institution (DVI).  Plaintiff commenced this action and a related action in the San Joaquin County Superior Court.  Defendants removed both actions to federal court pursuant to 28 U.S.C. § 1441(a) and paid the filing fees.  By order filed July 13, 2020, the undersigned screened the First Amended Complaints in both cases, and granted plaintiff leave to file a Second Amended Complaint in the instant case only.  ECF No. 12.  Plaintiff did so, ECF No. 13, and a recommendation of dismissal without prejudice is currently pending in the related case.  See Muhammad v. Kesterson et al., Case No. 2:18-cv-2775 WBS AC P.

////

The Second Amended Complaint, see ECF No. 13, is now before the court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, sole named defendant DVI Warden Landon Bird will be required to respond to the complaint.

**II.     Screening of Plaintiff's Second Amended Complaint**

**A.     Legal Standards for Screening Prisoner Complaints**

This court previously informed plaintiff of the applicable legal standards for screening a prisoner's civil rights complaint under 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)).  See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice.").

**B.     The Second Amended Complaint**

Plaintiff makes the following allegations in his Second Amended Complaint (SAC). Plaintiff had foot surgery on January 16, 2018, precluding weightbearing on his left foot for a period of 38 days.  Plaintiff's surgeon prescribed crutches for use in his cell and a wheelchair for use outside his cell.  On January 21, 2018, plaintiff requested that grab bars be installed in the C-Wing shower facilities in plaintiff's DVI housing unit.  The request was formally made as an

2

accommodation request under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.  The request was denied on January 23, 2018 on the ground that plaintiff was already being accommodated with two different shower chairs, a hand-held shower wand and a fixed shower bench.  Because these features did not enable plaintiff to refrain from putting weight on his left foot, he sought further review of his ADA accommodation request on January 29, 2018, which was denied on the same grounds on February 12, 2018.

On February 22, 2018, plaintiff submitted an administrative appeal pursuing his request for installation of shower grab bars.  First Level Review was bypassed.  The appeal was partially granted on Second Level Review on April 16, 2018, based on an inspection of the shower and a finding that it was ADA compliant.  The appeal was denied and exhausted on Third Level Review on May 14, 2018.

The SAC alleges violations of plaintiff's rights under Title II of the ADA, 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act (RA), 29 U.S.C.A. § 794.  The only named defendant is current DVI Warden Landon Bird in his official capacity.

### C.     Governing Legal Standards

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability, 42 U.S.C. § 42 U.S.C. § 12131 et seq.  To state a claim of disability discrimination under Title II of the ADA, a plaintiff must plausibly allege four elements: "1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (citations and internal quotation marks omitted); accord, Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010).

"The ADA applies [] to public entities, whereas the RA proscribes discrimination in all federally-funded programs." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Otherwise, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA

and the Rehabilitation Act," permitting the "same analysis" under both Acts.  Zukle v. Regents of the University of California, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

"To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant."  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001) (citing Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998)).  Intentional discrimination can be shown by deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood."  Duvall at 1139 (citing City of Canton v. Harris, 489 U.S. 378, 389 (1988)).

The proper defendant in ADA and RA actions is the public entity responsible for the alleged discrimination.  United States v. Georgia, 546 U.S. 151, 153 (2010) (ADA).  Therefore, as earlier noted by this court, current DVI Warden Bird in his official capacity is the appropriate defendant in this action.

### D. Claims for Which a Response Will be Required

Plaintiff has adequately addressed the deficiencies of the First Amended Complaint that were previously identified by the court.  See ECF No. 12 at 7-10.  As a result, the SAC alleges cognizable damages claims under the ADA and RA, and DVI Warden Bird will be required to respond to the SAC in his official capacity.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

 1. In accordance with 28 U.S.C. § 1915A, the Court has screened plaintiff's SAC and finds that it states cognizable claims.

 2. Defendant DVI Warden Landon Bird shall file and serve a response to the SAC within thirty (30) days after the filing date of this order.

IT IS SO ORDERED.

DATED: September 25, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4