UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI MUHAMMAD, | No. 2:18-cv-2831 WBS AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| KIMBERLY SEIBEL, et al., | |
| Defendants. | |

I.   Background

Plaintiff is a state prisoner incarcerated at the California Training Facility under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff challenges conditions of his prior confinement at Deuel Vocational Institution (DVI) pursuant to Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act (RA), 29 U.S.C.A. § 794. By order filed September 28, 2020, this court directed that this case shall proceed on plaintiff's Second Amended Complaint against sole defendant Landon Bird, the current Warden of DVI. See ECF No. 15.

Now pending is plaintiff's motion for leave to file a Third Amended Complaint (TAC), together with a proposed TAC. ECF No. 17. The proposed TAC seeks to again name individual defendants who were previously found improperly named in the instant case, viz., putative

1

1  defendant Siebel, see ECF No. 12, and putative defendants Kesterson and Starr, dismissed in
2  related case Muhammad v. Kesterson et al., Case No. 2:18-cv-2775 WBS AC P.  Plaintiff again
3  emphasizes that "there is an actual connection or link between the actions of the [these]
4  Defendants and deprivation of Plaintiff's rights under Title II of the [ADA] and Section 504 of
5  the [RA]."  ECF No. 17 at 2.

     II.     Legal Standards

A court should freely grant leave to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant."  Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (citation and internal quotation marks omitted).  Nevertheless, leave to amend "may be denied if the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile[.]"  Universal Mortg. Co. v. Prudential Ins. Co., 799 F.2d 458, 459 (9th Cir. 1986) (citations omitted).  "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal."  Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (citations omitted).  The "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citing 3 J. Moore, Moore's Federal Practice ¶ 15.08[4] (2d ed.)).

     III.     Analysis

As this court has previously informed plaintiff, "[t]he [only] proper defendant in ADA and RA actions is the public entity responsible for the alleged discrimination.  United States v. Georgia, 546 U.S. 151, 153 (2010) []."  ECF No. 15 at 4; ECF No. 13 at 8-9.  Defendants may not be sued in their personal capacities under the Acts.  Valenzuela v. Masoon, 730 Fed. Appx. 524, 524 (9th Cir. 2018) (citing Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002) ("The ADA applies only to public entities[.]")); accord, Garcia v. S.U.N.Y. Health Sciences Center, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act

provides for individual capacity suits against state officials." (citations omitted))

Although the challenged conduct of individual DVI employees will be relevant in proving plaintiff's claims, those individuals are not proper defendants under the ADA and RA.  The only appropriate defendant remains current DVI Warden Landon Bird.  Therefore, plaintiff's motion for leave to further amend his complaint should be denied as futile.

Defendant has requested extended time to respond to the operative complaint.  See ECF No. 18.  For good cause shown, defendant's request will be granted.

IV.   Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request for extended time to respond to the operative complaint, ECF No. 18, is GRANTED; and

2. Defendant shall file and serve his response to the Second Amended Complaint within thirty (30) days after the district judge rules on these findings and recommendations.

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for leave to proceed on his proposed Third Amended Complaint, ECF No. 17, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 11, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE