UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI MUHAMMAD, | No. 2:18-cv-2831 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| R. BURTON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, is pursuing relief under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act (RA), 29 U.S.C.A. § 794. The action is proceeding on the basis of the Second Amended Complaint, ECF No. 13.

The dispositive motion deadline in this case is July 1, 2022. ECF No. 40 at 5. On March 31, 2022, plaintiff filed a motion for summary judgment. ECF No. 47. Defendant has requested an extension of time to oppose that motion, and intends to bring a cross-motion for summary judgment. ECF No. 52.

Discovery was set to close on April 8, 2022. ECF No. 40 at 5. Prior to that deadline, defendant was granted two extensions of time to respond to plaintiff's discovery requests. ECF Nos. 42, 44. On April 8, 2022, the last day to file discovery-related motions, plaintiff signed and submitted for mailing a motion to extend discovery for 75 days; that motion was docketed on

April 13, 2002.  ECF No. 51; see id. at 3, 22.[1]  By this motion, plaintiff seeks additional time to challenge what he characterizes as boilerplate objections to his requests for admission, and to obtain Plant Operations Work Requests generated since January 23, 1993.  The latter are needed "to refute defense counsel's statement that C-Wing ground floor shower compartment has not undergone construction and/or alterations which triggered the applicability of the 1991 or 2010 ADA accessibility standards."  ECF No. 51 at 2-3.

Having reviewed plaintiff's requests for admission and defendant's written responses, ECF No. 51 at 7-21, the court finds that defendant's objections are accompanied by adequate substantive responses.  Accordingly, plaintiff's request to extend discovery will be denied to the extent he seeks an opportunity to meet and confer regarding the responses to requests for admission and/or to bring a motion to compel further responses.

However, the court also finds that plaintiff's desire to seek production of Plant Operations Work Requests is reasonable in light of defendant's responses to Requests for Admissions Nos. 13 and 14 (respectively admitting that C-Wing's ground floor shower compartment underwent construction and/or alterations between January 23, 1993 and September 15, 2010; denying knowledge whether any construction or alterations occurred since 1991; and denying that any such construction and/or alterations triggered applicability of the 1991 or 2010 ADA Standards).  ECF No. 51 at 13-14.  These responses were dated March 22, 2022, and plaintiff appears to have acted diligently in following up prior to the discovery deadline.  Accordingly, in the interests of efficiency, the court construes plaintiff's motion for an extension of discovery as a motion for court-ordered discovery of the Plant Operations Work Requests.

Although plaintiff indicates that there is additional discovery he may wish to propound, ECF No. 51 at 2 (stating that plaintiff wishes an enlargement of the discovery period in order to seek the Work Requests "among other things"), he does not identify any other specific discovery that is necessary or explain why it was not requested within the time already provided.  Because

---

[1] An incarcerated prisoner's pro se filing is deemed filed at the moment of delivery to prison officials.  Houston v. Lack, 487 U.S. 266 (1988); Hostler v. Groves, 912 F.2d 1158, 1161 (9th Cir. 1990).  This is presumably the date on which the document was signed.  See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).

the Plant Operations Work Requests are the only specific documents plaintiff has identified as relevant to his case, production of which is appropriately sought following defendant's responses to requests for admission, the court will not entertain a broad re-opening of discovery.

For the reasons explained above, and in the interests of justice and of judicial economy, the court ORDERS as follows:

1. Defendant shall SHOW CAUSE IN WRITING within 14 days of this order why he should not produce to plaintiff copies of all Plant Operations Work Requests (CDCR Forms 2184) generated from January 23, 1993 through February 22, 2018,[2] regarding the DVI C-Wing's ground floor shower compartment. Defendant's response must address, but is not limited to, the substantive discoverability of these documents.
2. Plaintiff may file a reply to defendant's response within 14 days thereafter.
3. Plaintiff's request for an extension of time to complete discovery, ECF No. 51, is GRANTED to the extent that the court is entertaining plaintiff's motion for discovery of the Plant Operations Work Requests, and is otherwise DENIED;
4. Briefing of plaintiff's motion for summary judgment, ECF No. 42, is hereby STAYED and a briefing schedule on cross-motions for summary judgment will issue following resolution of the instant discovery matter.
5. Defendant's motion for an extension of time, ECF No. 52, is accordingly DENIED as moot.

DATED: April 25, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff was housed in C-Wing, and used this shower, from January 16, 2018 through February 22, 2018.

3