UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI MUHAMMAD, | No. 2:18-cv-2831 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| R. BURTON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, is pursuing relief under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act (RA), 29 U.S.C.A. § 794.  Currently pending before the court are plaintiff's motions for summary judgment, for additional discovery, to appoint counsel, and to vacate.  ECF Nos. 47-50, 54, 59, 62.  Also before the court is defendant's response to the court's order to show cause.  ECF No. 57.

I.  Procedural History

Prior to the close of discovery, plaintiff filed a motion for summary judgment.  ECF Nos. 47-50.  Then on April 8, 2022,[1] the last day to file discovery-related motions, plaintiff filed a

---

[1] Although the motion was not received until April 13, 2022, plaintiff's certificate of service reflected that it was mailed on April 8, 2022.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

1

1 motion for a seventy-five-day extension of time to complete discovery. ECF No. 51. Shortly
2 thereafter, defendant sought an extension of time to respond to plaintiff's motion for summary
3 judgment, on the ground that he intended to bring a cross-motion for summary judgment that
4 would largely rely on the same arguments and evidence. ECF No. 52.

5    After considering the motions, the court construed the motion for an extension of time to
6 complete discovery as a motion for court-ordered discovery of the Plant Operations Work
7 Requests and directed defendant to show cause why the requested documents should not be
8 produced. ECF No. 53 at 3. The motion was otherwise denied. Id. In light of the pending
9 discovery matter, briefing on plaintiff's motion for summary judgment was stayed, with a briefing
10 schedule on cross-motions for summary judgment to issue following resolution of the discovery
11 dispute. Id. Defendant has now responded to the order to show cause (ECF No. 57) and plaintiff
12 has moved to vacate his motion for summary judgment (ECF No. 62). Plaintiff has also filed a
13 motion for additional discovery in which he seeks the production of additional documents (ECF
14 No. 54) and a motion to appoint counsel (ECF No. 59).

15   II.  <u>Plaintiff's Motion for Summary Judgment</u>

16    Plaintiff has filed a motion to vacate his motion for summary judgment and requests leave
17 to respond to defendant's motion for summary judgment instead. ECF No. 62. The motion to
18 vacate will be construed as a motion to withdraw the motion for summary judgment and will be
19 granted. The court will also set a deadline for defendant to file his motion for summary
20 judgment. Plaintiff will have twenty-one days from the service of defendant's motion to file any
21 response.

22   III.  <u>Order to Show Cause</u>

23    The court construed plaintiff's motion for an extension of time to seek discovery as a
24 motion for court-ordered discovery of the Plant Operations Work Requests. ECF No. 53 at 2. In
25 so construing the motion, the court found that

26     plaintiff's desire to seek production of Plant Operations Work
    Requests is reasonable in light of defendant's responses to Requests
27     for Admissions Nos. 13 and 14 (respectively admitting that C-
    Wing's ground floor shower compartment underwent construction
28     and/or alterations between January 23, 1993 and September 15,

        2010; denying knowledge whether any construction or alterations occurred since 1991;[2] and denying that any such construction and/or alterations triggered applicability of the 1991 or 2010 ADA Standards).  ECF No. 51 at 13-14.

Id. at 2.  Defendant was then ordered to show cause "why he should not produce to plaintiff copies of all Plant Operations Work Requests (CDCR Forms 2184) generated from January 23, 1993 through February 22, 2018, regarding the DVI C-Wing's ground floor shower compartment."  Id. at 3 (footnote omitted).  Defendant has now responded and requests that the court vacate the order to show cause and deny plaintiff's motion for production.  ECF No. 57.

        Defendant argues that the motion for production should be denied because plaintiff never made a timely request for the documents while discovery was open, and requiring defendant to respond would be unduly burdensome because the request "covers a significant time period long before Plaintiff's relevant claims and would require Defendant to expend a significant amount of resources to search for any potentially responsive documents."  Id. at 1.  Specifically, defendant asserts that the only discovery plaintiff propounded during the discovery period was his request for admissions; the complaint concerns events between January 16 and February 22, 2018; and plaintiff has failed to explain why he requires records dating back to 1993.  Id. at 2-3.  He also asserts that requiring production of the requested documents would require the expenditure of significant resources because the work requests were never digitized, and since DVI's closure on September 30, 2021, there are no full-time staff members physically at DVI to assist with locating documents.  Id. at 3.  CDCR staff have already conducted a search for the work requests and the search, including a physical search of DVI, has located only nine pages of responsive work request forms and a separate work order status report that should contain the information plaintiff seeks.  Id. at 3-4.  A more thorough search for responsive work orders would require the CDCR to send custody staff to DVI to conduct a second manual search of the institution, which could take

---

[2] It appears that defendant made a typographical error in responding to Request for Admission No. 14 when he stated he was unable to admit or deny whether any construction or alterations had taken place since 1991. ECF No. 51 at 14.  Request for Admission No. 14 asked defendant to admit that any constructions or alterations had occurred since March 15, *2012*, and he admitted in response to Request for Admission No. 13 that construction or alterations had taken place between January 23, 1993 and September 15, 2010.  Id. at 13-14.

3

one staff member approximately forty hours to complete. Id. at 3. Defendant proposes that if the court determines plaintiff is entitled to the information, he be required to produce only the nine pages of responsive work orders that have already been located and the Plant Operations Work Order Status Report that summarizes all of the work orders that were completed during the timeframe requested by plaintiff. Id. at 4.

In reply, plaintiff argues that he could not have known how defendant would respond to his requests for admissions. ECF No. 58 at 1. He further states that he believes defendant is misrepresenting the responsive documents available because he made a public records request for "all notifications made by the Correctional Plant Manager II at Deuel Vocational Institution (DVI) to the Institution Standards and Operations section regarding all ADA modification/alterations planned for the ground floor shower compartment in C-Wing housing unit from January 2011 through August 2021" and was advised that there were forty pages of public records responsive to his request. Id. at 2.

Defendant's objection to the timeliness of plaintiff's request is well-taken. The deadline for serving written discovery requests was sixty days prior to the close of discovery, and plaintiff did not make his request for an extension of time to seek those documents until the date discovery closed. While it is true that plaintiff could not have known how defendant would respond to his requests for admission, defendant's responses did not reference the documents plaintiff now seeks. See ECF No. 51 at 13-14. Plaintiff's specific request for "Plant Operations Work Requests (CDCR 2184) forms" therefore indicates that he was aware such documents existed and simply chose not to request them until he got denials where he expected to get admissions. Id. at 2. Plaintiff has provided no explanation for his failure to seek other discovery during the time provided. The court similarly finds that requiring defendant to produce copies of the work requests would be unduly burdensome, due to both the scope of the request and the resources that would have to be expended to locate any existing copies. Plaintiff's argument that the response to his public records request proves defendant is misrepresenting the available documents and the difficulty in locating them is unconvincing since his public records request covered a different time period and sought a broader category of documents. It is therefore unsurprising that the

4

public records request yielded different results. The court therefore finds that defendant has discharged the order to show cause.

Although defendant has discharged the order to show cause and plaintiff clearly failed to make a timely request for documents, in the interests of justice the court will order defendant to produce the nine pages of Plant Operations Work Requests and the non-confidential Work Order Status Report that summarizes the work orders completed. Though the court agrees the timeframe requested is overbroad, defendant does not propose any alternate timeframe or identify any excessive burden in producing these documents which are already in his possession.

### IV.     Motion for Additional Discovery

On May 5, 2022, the court received plaintiff's motion for additional discovery, which was dated April 29, 2022. ECF No. 54. The motion seeks to compel defendant to "produce copies of DVI's quarterly Armstrong Monitoring Tour reports from 2017 and 2018 regarding C-Wing's ground floor shower compartment," which he requires to refute defendant's responses to Requests for Admission Nos. 24-25. Id. at 1-2. Even giving plaintiff the benefit of the prison mailbox rule, this motion comes nearly a month after the close of discovery and nearly three months after the deadline for serving written discovery requests. Moreover, the requests for admission explicitly reference these reports, demonstrating that plaintiff was aware of their existence at the time he propounded his requests for admission. Id. at 15-16. As discussed above, plaintiff did not serve any written discovery requests other than his requests for admission, and he has offered no explanation for his failure to propound other discovery. The motion to compel defendant to produce these documents will therefore be denied.

### V.     Motion to Appoint Counsel

Plaintiff has requested the appointment of counsel. ECF No. 59. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that he has been diagnosed with post-COVID chronic fatigue syndrome, which qualifies as a disability under the ADA; has no experience in trial proceedings; and is likely to prevail at trial based on overwhelming documentary evidence. ECF No. 59 at 2; ECF No. 59-1 at 1-2. Lack of legal experience and having a disability are circumstances common to many prisoners and therefore fail to establish the necessary extraordinary circumstances to warrant appointment of counsel. Furthermore, plaintiff's conclusory assertion that he is highly likely to prevail at trial does not establish a likelihood of success on the merits and, contrary to plaintiff's assertion that this case has been set for a jury trial, it has not yet been determined that this case will proceed to trial. Any request based on the need for counsel at trial is therefore premature.

The court further finds that the level of understanding exhibited by plaintiff in pursuing this case demonstrates that he can adequately represent himself. Plaintiff was able to successfully state a claim that survived screening and, despite his claim that his disability renders him unable to continue pursuing this case without assistance, his motion for counsel presented a legal argument that was supported with allegations, an applicable rule, case law, and exhibits. ECF No. 59.

For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel and the motion will be denied.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to withdraw (ECF No. 62) is GRANTED and plaintiff's motion for

summary judgment (ECF Nos. 47-50) is WITHDRAWN.

2. Within thirty days of the filing of this order, defendant may file a motion for summary judgment. Plaintiff's response is due twenty-one days after service of the motion and defendant may file a reply within fourteen days of the filing of the response.

3. The April 26, 2022 order to show cause (ECF No. 53) is DISCHARGED.

4. Plaintiff's request for Plant Operations Work Requests (ECF No. 51) is GRANTED to the extent that defendant shall serve plaintiff with a copy of the nine pages of Plant Operations Work Requests that were located and the Plant Operations Work Order Status Report within fourteen days of the service of this order. The request is otherwise DENIED.

5. Plaintiff's motion for additional discovery (ECF No. 54) is DENIED.

6. Plaintiff's motion for appointment of counsel (ECF No. 59) is DENIED.

DATED: March 20, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE